JONES et al. v. REILLY et al.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

JUSTICE OF THE PEACE—ACTION INVOLVING TITLE TO LAND—DISMISSAL—COM-
MENCEMENT IN ANOTHER COURT—PLEADING—STRIKING OUT DEFENSE.

Under Code Civ. Proc. §§ 2951–2954, which provide that if a defendant in an action before a justice shall show in his answer that the title to land will come in question, and file an undertaking conditioned that, if the plaintiff will within 20 days commence another action for the same cause in a court of record, he will sign an admission of service, the action before the justice shall be dismissed; and section 2957, which provides that in such new action the defendant's answer must set up only the same defense which he made before the justice,—a denial in an answer, in an

action subsequently brought on the same cause, of an allegation that plaintiffs were executors and trustees under a certain will, which was pleaded in the complaint in the action before the justice, but not denied in the answer, is properly stricken out.

Appeal from special term, New York county.

Action by John M. Jones and others, as executors, against Margaret T. Reilly and others. From an order denying plaintiffs' motion to strike out certain denials contained in the defendants' answer, plaintiffs appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Richard T. Greene, for appellants.
Charles S. Whitman, for respondents.

VAN BRUNT, P. J. Heretofore, and on Friday, the 30th day of June, 1899, summary proceedings were begun by the above-named plaintiffs, claiming to be landlords, in the municipal court of the city of New York, borough of Manhattan, for the Tenth judicial district, against Andrew Henderson, since deceased, as a tenant, and Hannah R. Rockwell and others as undertenants, for a final order to remove said tenants and undertenants from the possession of the premises set forth in the plaintiffs' complaint. The day for the return of the precept was the 3d of July (the following Monday), at 10 a. m. At the time fixed for the return of the said precept, the defendant Rockwell filed an answer alleging that she was the owner in fee simple of the premises mentioned and described in the precept, and that she and her grantors had been in undisturbed possession thereof for a period of more than 20 years last past, as owners in fee, and claiming to be such owners, and that the title to real property would necessarily be involved in the proceeding, if tried. And, the said defendant having filed the necessary undertaking, the proceeding was discontinued, pursuant to section 2954 of the Code. The plaintiffs thereupon brought this action upon the same cause, to which the defendant Rockwell interposed an answer. One of the defendants, Henderson, died during the pendency of the action; and an amended and supplemental complaint was thereupon issued and served by the plaintiffs, alleging the fact of his death, and bringing in his heirs at law and next of kin as parties defendant. The defendant Rockwell answered the amended complaint, including in her answer matters which the plaintiffs claim would constitute a new defense, and which they move to strike out, under section 2957 of the Code; such section providing that the defendant's answer in the new action brought according to the previous sections of the Code must set up the same defense, only, which was made before the justice. The court denied the motion, and from the order thereupon entered this appeal is taken.

Upon an examination of the answer of the defendant, it seems to us that the same defense is set up by the answer in the action in this court that was interposed to the precept in the municipal court. The answer in the latter court was really a pleading of the general issue, as far as title was concerned. The only part of the answer in this court which seems to be in any way additional to that contained in

the answer to the precept in the municipal court is the denial of the allegation that the plaintiffs are the executors of, and trustees under, the last will and testament of Morgan Jones, deceased. . The allegation in the petition to this effect was not denied in the answer in the municipal court, and consequently that issue cannot be raised in the new action brought in the supreme court.

The order appealed from should therefore be modified by striking out that denial of the answer, and as modified affirmed, without costs to either party. All concur.